**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SAMUEL OLIVERA, Petitioner, | : | Civil Action No.: 12-3064 (NLH) |
| v. | : | OPINION |
| WARDEN FORT DIX PRISON, Respondent. | : | |

**APPEARANCES:**

**SAMUEL OLIVERA**, Petitioner pro se
#46038-004
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, New Jersey 08640

**HILLMAN, District Judge**

Petitioner, Samuel Olivera, a federal prisoner confined at the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"), at the time he filed this action, brings this habeas petition pursuant to 28 U.S.C. § 2241, challenging his federal conviction. Petitioner names as party respondent, the Warden at FCI Fort Dix.

This Court has reviewed the petition, and has determined that the petition should be dismissed with prejudice for lack of subject matter jurisdiction.

## I. BACKGROUND

The following facts are taken from the petition, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Petitioner's allegations.

Petitioner states that a judgment of conviction was entered against him, after a jury verdict, in the United States District Court for the Southern District of Florida – Miami Division, on or about February 26, 1996, sentencing Petitioner to an aggregate sentence of 352 months imprisonment on multiple drug, firearm and kidnapping offenses. (Petition at ¶¶ 12, 14, 16, and 51.) The Federal Bureau of Prisons Inmate Locator internet site shows that Petitioner has a projected release date of March 29, 2018.

This Court conducted a WESTLAW and PACER search and takes judicial notice of the following information regarding Petitioner's conviction and sentence under challenge in this action. It appears that Petitioner, along with two of his co-defendants, appealed the convictions and sentences for a variety of reasons, and the United States Court of Appeals for the Eleventh Circuit affirmed the convictions and sentences in a

published Opinion filed on December 8, 1999. *United States v. Hidalgo, et al.,* 197 F.3d 1108 (11th Cir. 1999). The Supreme Court denied a petition for a writ of certiorari on June 19, 2000. *Hidalgo, et al., v. United States*, 530 U.S. 1244 (2000).

Thereafter, on or about June 19, 2001, Petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255, before the Honorable Wilkie D. Ferguson, Jr., U.S.D.J. in the Southern District of Florida – Miami Division. (*See Olivera v. United States,* #1:01-cv-02572-DTKH, Docket entry no. 1.) It does not appear from the § 2255 motion filed by Petitioner that he asserted any Sixth Amendment ineffective assistance of counsel claims. (*Id.)* Judge Ferguson denied Petitioner's § 2255 motion on February 13, 2001. (*Id*. at Docket entry no. 2.) Petitioner filed a motion for reconsideration, which was denied by order filed on November 28, 2001. (*Id*. at Docket entry nos. 3 and 4.) Petitioner then filed a motion for clarification, which was denied on October 9, 2003. (*Id*. at Docket entry nos. 5 and 7.) Petitioner admits that he did not appeal from denial of his § 2255 motion. (Petition at ¶ 20.) There does not appear to be any further challenges to his conviction or sentence filed by Petitioner with the exception of the instant petition.

On or about May 23, 2012, Petitioner filed the instant habeas petition pursuant to 28 U.S.C. § 2241, in which he

challenges the constitutionality of his confinement. Namely, Petitioner asserts a Sixth Amendment claim of ineffective assistance of trial counsel during pretrial plea negotiations, as recently announced in *Lafler v. Cooper*, 132 S.Ct. 1376, 182 L.Ed.2d 398 (March 12, 2012); *Missouri v. Frye*, 132 S.Ct. 1399, 182 L.Ed.2d 379 (March 21, 2012); and *Martinez v. Ryan*, 132 S.Ct. 1309, 182 L.Ed.2d 272 (March 20, 2012). Petitioner argues that his trial counsel provided deficient plea bargain assistance, alleging that counsel forced Petitioner to proceed to trial despite Petitioner's demand to complete the plea bargain dated October 24, 1994. (Petition at ¶¶ 38-42.)

## II. DISCUSSION

### A. Standards for a *Sua Sponte* Dismissal

Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

Petitioner brings his habeas petition as a pro se litigant. A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. *See Royce*

*v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998); *Lewis v. Attorney General*, 878 F.2d 714, 721-22 (3d Cir. 1989); *United States v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969), *cert. denied*, 399 U.S. 912 (1970).

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c)The writ of habeas corpus shall not extend to a prisoner unless– . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(a), (c)(3).

B. Jurisdiction

Petitioner contends that he is entitled to habeas relief under § 2241, despite the fact that he had filed an earlier § 2255 motion before his sentencing court, which had been denied, because the recent Supreme Court decisions in *Lafler, Martinez, and Frye, supra.,* announced a new rule of law entitling Petitioner to retroactive relief in invalidating Petitioner's conviction and sentence.

As noted by the Court of Appeals for the Third Circuit in *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997), Section 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement or validity of their conviction. *See also Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002); *United States v. McKeithan*, 437 Fed. Appx.

148, 150 (3d Cir. 2011); *United States v. Walker*, 980 F. Supp. 144, 145–46 (E.D.Pa. 1997)(challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241). Motions under § 2255 must be brought before the court which imposed the sentence. *See* 28 U.S.C. § 2255. A one-year limitations period applies to § 2255 motions. *See* 28 U .S.C. § 2255(f).

In addition, before a second or successive § 2255 motion is filed in the district court, the petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the petition on the grounds of either (1) newly-discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense or (2) a new rule of constitutional law made retroactive by the Supreme Court. 28 U.S.C. §§ 2244(a), 2255(h).

Section 2255 does, however, contain a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention." In *Dorsainvil*, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to

§ 2241 (a statute without timeliness or successive petition limitations), where a prisoner who had previously filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251. The court emphasized, however, that its holding was not intended to suggest that a § 2255 remedy would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent gatekeeping requirements of § 2255. *Id*. Rather, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in *Dorsainvil* because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all. *Id*. at 251–52.

In *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536 (3d Cir. 2002), the Court of Appeals emphasized the narrowness of the "inadequate or ineffective" exemption. A § 2255 motion is "inadequate or ineffective," authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention

claim." *Cradle*, 290 F.3d at 538. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id*. "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." *Id*. at 539.

Thus, under *Dorsainvil* and its progeny, this Court would have jurisdiction over Petitioner's petition if, and only if, Petitioner demonstrates: (1) his "actual innocence," (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct, (3) for which he had no other opportunity to seek judicial review. *See Dorsainvil*, 119 F.3d at 251–52; *Cradle*, 290 F.3d at 539, *Okereke*, 307 F.3d at 120.

Here, Petitioner does not allege facts bringing his conviction within the *Dorsainvil* exception. First and foremost, Petitioner does not allege actual innocence. He does not dispute his criminal conduct, but rather seems to take issue with the pretrial plea negotiations, admitting that he would

have pled guilty in exchange for more lenient sentencing consideration.

Further, in this regard, Petitioner cites to recent decisions in *Lafler v. Cooper*, 132 S.Ct. 1376;[1] *Missouri v. Frye*, 132 S.Ct. 1399;[2] and *Martinez v. Ryan*, 132 S.Ct. 1309,[3] and

---

[1] In *Lafler*, the defendant went to trial rather than accept a plea deal as a result of ineffective assistance of counsel during the plea negotiation process. *Lafler*, 132 S.Ct. at 1386. The defendant received a substantially more severe sentence at trial than he likely would have received by pleading guilty. *Id*. The Court held that the proper remedy to cure the ineffective assistance of counsel was to order the prosecution to re-offer the plea agreement and allow the state trial court to "... exercise its discretion in determining whether to vacate the convictions and resentence respondent pursuant to the plea agreement, to vacate only some of the convictions and resentence respondent accordingly, or to leave the convictions and sentence from trial undisturbed." *Id*. at 1391.

[2] In *Frye*, the Supreme Court held that defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms that may be favorable to the accused, prior to the offer's expiration, and defense counsel's failure to do so satisfies the deficient performance prong of the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1986). *Frye*, 132 S.Ct. at 1409. The Court further held that to show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, a defendant must demonstrate a reasonable probability he would have accepted the earlier plea offer had he been afforded effective assistance of counsel, and he must also demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law. *Id*.

[3] In *Martinez,* the Supreme Court held that: (1) inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial; (2) the Antiterrorism

alleges that these cases reveal undisputable violations of his Sixth Amendment rights during the plea process and are applicable to his petition. However, even if these Supreme Court cases are retroactively applicable, which they are not, Petitioner fails to present evidence that he was convicted of a non-existent offense, as the cases he cites do not de-criminalize the conduct for which he was convicted.

Moreover, Petitioner has not satisfied the requirements of § 2255's savings clause. *See Dorsainvil*, 119 F.3d at 251–52; *Cradle*, 290 F.3d at 539, *Okereke*, 307 F.3d at 120. Simply because Petitioner failed to assert these claims on previous occasions does not render § 2255 inadequate or ineffective to permit Petitioner to proceed pursuant to section 2241. Because Petitioner has not satisfied the requirements of § 2255's savings clause, or the exceptions required under *Dorsainvil*, Petitioner cannot now "open the portal" to argue the merits of his claim. *Id*. In short, Petitioner cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as being filed pursuant to § 2241.

---

and Effective Death Penalty Act (AEDPA) did not bar petitioner from using the ineffectiveness of his post-conviction attorney to establish "cause" for his procedural default; and (3) remand was required to determine whether petitioner's attorney in his first state collateral proceeding was ineffective, whether underlying ineffective assistance of trial counsel claim was substantial, and whether petitioner was prejudiced. *Id*. at 1318-19; 1320.

Indeed, four federal circuit courts of appeal have now ruled that because *Frye* and *Lafler* do not announce a new constitutional rule justifying a second or subsequent § 2255 petition, they are not retroactively applicable to cases on collateral review. *Buenrostro v. United States*, 697 F.3d 1137, 2012 WL 4784304, at *2 (9th Cir. Oct. 9, 2012)(holding that "... these cases did not break new ground or impose a new obligation on the State or Federal Government."); *In re King*, --- F.3d ---, 2012 WL 4498500, at *1 (5th Cir. Aug. 14, 2012); *Hare v. United States*, 688 F.3d 878, 879 (7th Cir. 2012); *In re Perez*, 682 F.3d 930, 932–33 (11th Cir. 2012). Petitioner is therefore not entitled to relief under § 2241, and his habeas petition will be denied accordingly for lack of jurisdiction.

Thus, where Petitioner cannot demonstrate that his circumstances constitute the sort of "complete miscarriage of justice" that would justify application of the safety-valve language of § 2255 rather than its gatekeeping requirements, the *Dorsainvil* exception does not apply here, and this Court lacks jurisdiction to entertain these challenges to Petitioner's conviction, which is essentially a second or successive motion under § 2255.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of

justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631. Because the only Courts of Appeals to have ruled on the issue presented by Petitioner have held that *Lafler* and *Frye* did not create a new rule of law, this Court finds that it is not in the interests of justice to transfer this action. To the extent that Petitioner wishes to pursue his claim in a second or successive § 2255 motion, he must first seek permission to do so from the United States Court of Appeals for the Eleventh Circuit. Therefore, this Petition will be dismissed for lack of jurisdiction as a prohibited second or successive § 2255 motion.

## III. CONCLUSION

For the reasons set forth above, this habeas petition will be dismissed with prejudice for lack of subject matter jurisdiction, because these claims constitute a second or successive § 2255 motion challenging petitioner's federal sentence. An appropriate order follows.

March 18, 2013

s/ Noel L. Hillman
NOEL L. HILLMAN
United States District Judge

At Camden, New Jersey